# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 6:18-CR-00037-JCB-** |
| **v.** § | **JDL** |
| § | |
| § | |
| **JERRY LYNN ALLEN (14)** § | |
| § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On February 11, 2025, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Jerry Lynn Allen. The government was represented by Allen Hurst, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jon Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession with Intent to Distribute Less Than 50 Grams of Methamphetamine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on total offense level 29 and criminal history category of VI, was 151 to 188 months. On July 22, 2019, U.S. District Judge Robert W. Schroeder III of the Eastern District of Texas sentenced Defendant to 96 months imprisonment, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse treatment and testing; financial disclosure; and that Defendant acquire a high school equivalency certificate. On October 22, 2024, Defendant completed his period of imprisonment and began service of the supervision term. On

1

December 23, 2024, Defendant's conditions of release were modified to include mental health treatment and medication. The case was then transferred to U.S. District Judge J. Campbell Barker.

Under the terms of supervised release, Defendant was required to not communicate or interact with someone he knew was engaged in criminal activity. If Defendant knew someone who was convicted of a felony, Defendant was not to knowingly communicate or interact with that person without first getting the permission of the probation officer. In its petition, the government alleges that Defendant violated his conditions of supervised release on January 18, 2025, when he admitted to Sergeant Gillie to associating with people who smoke marijuana inside Defendant's vehicle.

If the court finds by preponderance of the evidence that Defendant violated conditions of supervision by associating with people engaging in criminal activity, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (A) revoke probation or supervised release, or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of VI, the guideline imprisonment range for a Grade C violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of 11 months imprisonment with a 12-month term of supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that he be sentenced to 11 months imprisonment with a 12-month term of supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Pollock, Louisiana.

The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 12th day of February, 2025.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE